IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KEITH MAYDAK, | ) |
| Petitioner, | ) |
| v. | ) Civil No. |
| WARDEN, NORTHEAST OHIO CORRECTIONAL CENTER, AGENT OF THE UNITED STATES MARSHALS SERVICE, | ) 4:05 CV 1203 |
| Respondent. | ) JUDGE GWIN<br>) MAG. JUDGE HAUGHMAN |

I hereby certify that the foregoing instrument is a true and correct copy of the original on file in my office.
Attest: Geri M. Smith, Clerk
U.S. District Court
Northern District of Ohio
By: _Juna M. Page_
Deputy Clerk

05-1115

### EMERGENCY PETITION PURSUANT TO 28 USC 2241 FOR A WRIT OF *HABEAS CORPUS*; OR, IN THE ALTERNATIVE, FOR A DETENTION AND TRANSFER HEARING PURSUANT TO FED.R.CRIM.PROC. 32.1

Petitioner, Keith Maydak ("Maydak"), requests that this Court enter a Writ of *Habeas Corpus* pursuant to 28 USC 2241; or, in the alternative, for a detention and transfer hearing pursuant to Fed.R.Crim.Proc. 32.1:

**parties**

1. The petitioner is Keith Maydak. Maydak is presently incarcerated without any form of detention order in the Northeast Ohio Correctional Center; 2240 Hubbard Road; Youngstown, Ohio 44505.

2. The respondent is the Warden of the Northeast Ohio Correctional Center, agent of the United States Marshals Service. Respondent Warden maintains custody, albeit unlawfully, over Maydak.

**background**

3. On September 27, 2001, the Clerk of the United States District Court for the Western District of Pennsylvania issued an arrest warrant that did not comply with the requirements and

specifications of Federal Rule of Criminal Procedure 4. That is, it did not list an offense but simply said, "Failure to Appear." The warrant purportedly allowed the United States Marshals Service to arrest Maydak and bring him in front of a judicial officer. The warrant did not allow perpetual detention without a bail hearing. *See United States v. Maydak*, 93cr133 (WDPA).

4. On or about October 16, 2002, Respondent United States Attorney lodged a request to Canada for Maydak's detention and extradition.

5. On November 4, 2002, members of the Royal Canadian Mounted Police arrested Maydak as a result of the September 27, 2001 arrest warrant.

6. At the time of Maydak's arrest at the request of Respondent United States Attorney, he was already detained on a Canadian immigration detention order. However, on November 7, 2002, Maydak prevailed on the immigration matter. From that point on, Maydak's official detention resulted solely from the extradition request relating to the September 27, 2001, arrest warrant. No further immigration detention orders were issued. On the contrary, Maydak received a conditional departure order that provided him thirty days to leave Canada upon any denial of his claim for protection under the Canadian *Immigration and Refugee Protection Act*.

7. In December, 2002, Respondent United States Attorney formalized the extradition request and added a request related to the purported Contempt of Court Indictment docketed at 02-cr-269 (WDPA).

8. On April 30, 2003, the Canadian judiciary discharged Maydak with respect to the contempt of court matter, but committed him for extradition with respect to the completion of the *supervised release*.

9. On November 18, 2003, the Canadian Minister of Justice ordered Maydak surrendered to the United States for the completion of the *supervised release*. The Minister of Justice did not surrender Maydak for any further prosecution.

10. On September 22, 2004, the British Columbia Court of Appeal confirmed the surrender order and made it clear that the terms prohibited the prosecution of any other matter.

11. On October 29, 2004, members of the Royal Canadian Mounted Police surrendered Maydak to the United States Marshals Service. During the surrender process, Maydak requested that Respondent United States Marshal identify the basis for his detention. The agents of Respondent United States Marshal declined to identify the basis for Maydak's detention. In fact, the agents neither notified Maydak that he was under arrest nor provided him with any information pertaining to his rights as a detained person.

12. On October 30, 2004, the agents of Respondent United States Marshal lodged Maydak in the Allegheny County Jail. The agents provided the Allegheny County Jail with a document entitled "Receipt for Federal Prisoners."

13. The respondents failed to take Maydak in front of a judicial officer on November 1, 2004.

14. On November 2, 2004, United States District Judge Alan Bloch, ignoring the initial appearance requirements of Federal Rule of Criminal Procedure 32.1, scheduled a *supervised release* "show cause" hearing for December 16, 2004.[1] Judge Bloch did not issue any order allowing the respondents to detain Maydak.

15. On November 10, 2004, Respondent United States Attorney filed a motion to dismiss the contempt proceeding.

16. In November, 2004, Maydak filed objections to the failure to comply with any of the procedures required by Federal Rule of Criminal Procedure 32.1, including the lack of a bail hearing.

17. On November 16, 2004, Respondent United States Attorney stated in a memorandum that Maydak was detained because he could not be "trusted" to appear for any hearing.

18. In late November, 2004, Maydak filed a Petition for a Writ of *Habeas Corpus* based on the failure to comply with any of the requirements of Fed.R.Crim.Proc 32.1, including the lack of a bail hearing. *Maydak v. Warden, Allegheny County Jail*, 04cv1818 (WDPA).[2]

19. On December 16, 2004, a *supervised release* "show cause" hearing occurred before Judge Bloch. Maydak advised Bloch that he stood upon the 04cv1818 petition and objections to the Rule 32.1 violations. However, since he would be released immediately upon disposition regardless of the sentence, Maydak agreed not to contest the alleged violations on the merits.

20. Judge Bloch refused to sentence Maydak and directed the preparation of a PreSentence Investigation Report. Bloch scheduled sentencing for March 7, 2005. Bloch refused to discuss detention. He neither issued a detention order nor held a bail hearing.

21. On March 3, 2005, Bloch cancelled the sentencing hearing by claiming that an appeal from a civil *habeas corpus* matter he disposed of on December 16, 2004, divested him of jurisdiction even though Maydak made it clear on the notice of appeal that he did not appeal any interlocutory criminal matters.

---

[1] *Supervised release* "show cause" hearings occur in the Western District of Pennsylvania when the person is not detained for the violation.

[2] The 04cv1818 (WDPA) *habeas corpus* petition raises similar issues to those presented here. However, Maydak has been moved out of the district and his present custodian is not a respondent. Regardless, Judge Bloch refuses to act on the simple issue regarding non-compliance with any of the Rule 32.1 safeguards. It appears that his intention is to refuse to act until the matter becomes moot.

22. In March, 2005, Maydak lodged a *habeas corpus* petition challenging his confinement beyond the prospective penalty. The United States Court of Appeals for the Third Circuit (Scirica, J.) assigned United States District Judge Christopher Conner of the Middle District of Pennsylvania to the proceeding. *Maydak v. Warden, Allegheny County Jail*, 05cv388 (WDPA). This petition raises issues outside the scope of this proceeding, and Judge Conner joined the Warden of the Northeast Ohio Correctional Center as a party.

23. On April 21, 2005, notwithstanding a §2241 *habeas corpus* appeal at 05-1401 before the United States Court of Appeals for the Third Circuit, the United States Marshals Service moved Maydak to the Northeast Ohio Correctional Center. *But see* Fed.R.App.Proc. 23 (prohibiting transfer).

24. To date, no appealable detention order exists allowing Maydak's confinement in the Northern District of Ohio or elsewhere.

25. To date, no bail hearing occurred.

26. To date, no initial appearance, advisement of rights, or preliminary hearing occurred.

### legal standards

27. "[A] probationer, like a parolee, is entitled to a preliminary and a final revocation hearing" to comport with due process. *Gagnon v. Scarpelli*, 411 US 778 (1973). This did not occur.

28. Pretrial detention requires a "timely judicial determination" of probable cause before or promptly after arrest. *Gerstein v. Pugh*, 420 US 103, 125-126 (1975). A preliminary hearing is required "promptly after a parole violators arrest." *Morrissey v. Brewer*, 408 US 471 (1972). This did not occur.

29. A person held in custody for violating probation or *supervised release* must be taken without unnecessary delay before a magistrate judge. F.R. Cr. P. 32.1 (a)(1). This did not occur.

30. The magistrate judge must inform the person of the following: (A) the alleged violation of probation or *supervised release*; (B) the person's right to retain counsel; and (C) the person's right, if held in custody, to a preliminary hearing. F.R. Cr. P. 32.1 (a)(3). This did not occur.

31. The magistrate judge may release or detain the person under 18 USC 3143 (a) pending further proceedings. F. R. Cr. P. 32.1 (a)(6). This did not occur.

32. If a person is in custody for violating a condition of probation or *supervised release*, a magistrate judge must promptly conduct a hearing to determine whether there is probable cause to believe that a violation occurred. F.R.Cr. P. 32.1 (b)(1)(A). This did not occur.

33. The court may... revoke a term of *supervised release*, and require the person to serve in prison all or part of the term of *supervised release*... , except that a person whose term is revoked under this paragraph may not be required to serve more than... 2 years in prison if the offense was a Class C or D felony. 18 USC 3583 (e)(3). This did not occur, although Judge Bloch purported to revoke the *supervised release* on December 16, 2004.

34. A person shall receive credit for the time spent in official detention that has not been credited against another sentence. 18 USC 3585 (b).

35. Maydak is entitled to a hearing before he is transferred outside of the Northern District of Ohio since no detention order exists. Fed.R.Crim.Proc 32 and 32.1.

**due process violations**

36. By causing Maydak to be detained at the Northeast Ohio Regional Correctional Center without a detention order, the respondent deprived Maydak of liberty without due process.

37. By causing Maydak to be continuously detained without an initial appearance, the respondent deprived Maydak of liberty without due process.

38. By failing to provide Maydak a bail hearing as required by law, the respondent deprived Maydak of liberty without due process.

39. By failing to provide Maydak a preliminary hearing as required by law, the respondent deprived Maydak of liberty without due process.

40. By causing Maydak to be detained in excess of the maximum statutory penalty, and knowing that Maydak will be released upon sentencing, the respondent's failure to provide a bail hearing deprived Maydak of liberty without due process since no justification exists for his detention.

**prejudice**

41. In the present case, the indefinite detention without an appealable detention order or bail hearing prejudiced Maydak since he has been detained in excess of the maximum potential term of imprisonment and will be released upon sentencing.

42. The indefinite detention without a hearing prejudiced Maydak since the United States District Court lacked jurisdiction to proceed with the "show cause" hearing on December 16, 2004, since no preliminary hearing occurred.

43. The indefinite detention without a hearing prejudiced Maydak since the combination of procedural irregularities has affected the fairness of the underlying revocation proceeding.

44. The indefinite detention without a hearing prejudiced Maydak because the conduct of the respondents is aggravated and intentional as demonstrated by the Government's admission on November 16, 2004, that it took it upon itself to detain Maydak because he cannot be "trusted" to appear notwithstanding the fact that he faces no further lawful detention after revocation of

*supervised release.* No legitimate purpose exists to detain a person indefinitely when they must be released immediately upon sentencing because they served well in excess of the prospective penalty.

WHEREFORE, based on the above, Petitioner Keith Maydak respectfully demands that this Court issue a writ of *habeas corpus* discharging him from the custody of the respondent; or, in the alternative, that a bail hearing and transfer hearing be scheduled in the Northern District of Ohio forthwith.

Respectfully submitted,

Keith Maydak, 04904068
2240 Hubbard Road
Youngstown, OH 44505
1.800.278.3288   Telephone
1.800.572.4403   Facsimile
maydak@miserablemail.com

PETITIONER

### DECLARATION OF KEITH MAYDAK

I, Keith Maydak, declare under the penalty for perjury that the allegations contained in the foregoing Petition are true and correct to the best of my knowledge. 28 USC §1746.

Dated this 10th day of May, 2005.

Keith Maydak

## CERTIFICATE OF SERVICE

I, Keith Maydak, certify that I caused to be mailed a true copy of the foregoing to the following persons:

Warden, Northeast Ohio Correctional Center
2240 Hubbard Road
Youngstown, OH 44505

United States Attorney
100 Federal Plaza East
Youngstown, OH 44503

United States Attorney
700 Grant Street, Suite 400
Pittsburgh, PA 15219

on this 10th day of May, 2005.

_____
Keith Maydak